Swing, J.
We are of the opinion that the act of May 19, 1894. (91 O. L., p. 808), is unconstitutional! and therefore invalid for the reason that it is an act of a general nature, and does not have a uniform operation throughout the state. (Section 26, Article 2, of the constitution.) The act reads as follows:
“An act to authorize the trustees of Columbia township, Hamilton county, Ohio, to construct sidewalks on certain roads and avenues in Columbia township.
■ “Section 1. Be it enacted by the general assembly of the state of Ohio, that the trustees of Columbia township, Hamilton county, Ohio, be and they are hereby authorized to construct sidewalks on both sides of Columbian avenue, from its intersection with Montecello avenue, northeastwardly to the Brotherton road, and also on both sides of the Brotherton road from Columbian avenue northeastwardly to the corporation line of the village of Madisonville, and also on both sides of Michigan and Shaw avenues from Erie avenue to the Wassan road, and also on both sides of Andrew avenue from Erie avenue to the Madison pike, or upon any or all of the same, as said trustees may determine.”
As to the second defense set up in the answer of the defendants, that the plaintiffs should be estopped by reason of their conduct, the only allegations relied on constituting an estoppel are: That the plaintiffs knew that said improvement was being made under said act; that the bonds of the township were to be issued to raise money to pay for the improvement and expenses, and that the said bonds were to be paid by a uniform assessment per front foot on the lots and lands abutting on the improvement, and that the plain *639 tiffs made no objection or protest until the township had incurred a large liability.
Coppock, Hammel & Coppock, and Frank M. Coppock, for the property owners.
J. T. DeMar, for the Township Trustees.
There is no allegation that the plaintiffs took any active part in encouraging or bringing about the improvement, or that they knew the law was unconstitutional, or that the improvement in any way benefited the property of the plaintiffs.
' According to the decision of Tone v. Oolumbus, 89 Ohio St., 281, the allegations in this answer are not sufficient to ■make out a cause of estoppel.
The demurrer to the answer must therefore be sus|ained, and the prayer of the petition will be granted unless the defendants desire to plead further.